5/21/2020 4:24:10 PM

# IN THE SUPREME COURT OF IOWA

No. 19–1413

Filed May 22, 2020

**JANE DOE,**

Plaintiff,

vs.

**STATE OF IOWA,**

Defendant.

Certiorari to the Iowa District Court for Polk County, Kevin Parker, District Associate Judge.

Petitioner seeks review of a district court order denying her applications for expungement of the record of a criminal case. **WRIT SUSTAINED AND CASE REMANDED.**

Andrew Duffelmeyer (until withdrawal) and Robert J. Poggenklass (until withdrawal), and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, and John P. Sarcone, County Attorney, for appellee.

**PER CURIAM.**

In three separate cases, Jane Doe was charged with assault with a weapon, driving while revoked, domestic abuse assault with a dangerous weapon, and operating while under the influence of alcohol or a controlled substance. The charges in all three case were dismissed. Doe filed an application for expungement of the record in each of the three separate cases pursuant to Iowa Code section 901C.2 (2019). The district court denied Doe's applications for expungement on the ground Doe had "[m]onies owed in other matters." Doe timely filed her notice of appeal in each of the cases, and the cases were consolidated on appeal. We choose to treat the notices of appeal as petitions for writ of certiorari. *See* Iowa R. App. P. 6.107(1)(*a*) ("Any party claiming . . . an associate district court judge . . . acted illegally may commence an original certiorari action in the supreme court by filing a petition for writ of certiorari as provided in these rules."); *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) ("Additionally, if a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action.").

In *State v. Doe*, ___ N.W.2d ___, ___ (Iowa 2020), filed today, we held the requisite condition for expungement set forth in section 901C.2(1)(*a*)(2) requires the defendant establish only that he or she satisfied all of the court-ordered financial obligations in the criminal case in which the application for expungement was filed and for which expungement was sought. Here, the district court erred in concluding the defendant was required to establish she also satisfied all court-ordered financial obligations in other cases. For the reasons set forth in *Doe*, ___ N.W.2d at ____, we grant Doe's petition, sustain the writ, vacate the district court's

orders denying Doe's applications for expungement, and remand this matter for further proceedings.

**WRIT SUSTAINED AND CASE REMANDED.**

All justices concur except Appel, J., who concurs specially, and McDermott, J., who takes no part.

This opinion shall not be published.

**APPEL, Justice (concurring specially).**

As I articulate in greater detail in my concurrence in *Doe v. State*, No. 19–1402, ___ N.W.2d ___, ___ (Iowa 2020) (Appel, J., concurring), filed today, I reach the same conclusion as the majority does. I arrive at this conclusion, however, within its full statutory context, employing a combination of tools of interpretation including text, purpose, and lack of compelling countervailing arguments. It remains important to acknowledge that there are a myriad of tools available to judges to aid in our pursuit of the most correct interpretation of the law. Overreliance on textualism is a mistake, and one I wish to emphasize now in my concurrence.